UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
MARGREE McKAY,

         Plaintiff,

   -against-

TOWN OF SOUTHAMPTON DEPT. OF COMMUNITY   STIPULATION OF SETTLEMENT
DEVELOPMENT, a/k/a TOWN OF SOUTHAMPTON     12-CV-1689
HOUSING AUTHORITY,
RICHARD BLOWES, in his capacity as Executive Director    (Seybert, J.) (Boyle, M.)
of the Town of Southampton Housing Authority,
KELLY KLEO, in her capacity as hearing officer,
         Defendants.
-----------------------------------------------------------x

It is stipulated and agreed by and between the above captioned parties through their attorneys that this matter is settled on the following terms and conditions:

1. Plaintiff, Margree McKay shall forthwith be issued a Section 8 Housing Choice Voucher to enable her and her family to participate fully in the Section 8 Program and to seek housing from a landlord who will accept the voucher and agree to sign a lease with plaintiff as a participant in the Section 8 Housing Choice Voucher Program.

2. For her part, plaintiff will cooperate with defendant Southampton Housing Authority in completing all necessary documents and providing all required information to enable the Housing Authority to determine the amount of the Section 8 rental subsidy to which plaintiff shall be entitled.

3. Further, plaintiff shall monitor all visitors to her subsidized housing in the future to make certain, as best that she can, that no one is allowed on the premises who may be involved in any drug related or criminal activity at the subsidized premises.

4. Plaintiff shall comply with all regulations governing the Section 8 Housing Choice Voucher

Program and shall promptly report to the Housing Authority any changes in family income or household composition.

5. Neither plaintiff nor defendants admits liability concerning the termination of plaintiff's Section 8 Housing Choice Voucher in 2009. Nonetheless the parties wish to settle this matter and have entered into this agreement with that intention.

6. Subject to the terms of this agreement, plaintiff withdraws with prejudice the action captioned above, and withdraws all claims for damages and attorneys' fees. However, subject to this paragraph, the termination of plaintiff and her family in 2009 shall be considered to be a nullity, and defendants shall not disclose to any non party the circumstances of plaintiff's termination.

7. Defendant, Kelly Kleo, has neither appeared nor answered the complaint in this action. However, upon the signing and filing of this stipulation by counsel for the remaining parties, the action against defendant Kleo shall be withdrawn.

8. Counsel for the other parties represent that they have informed their respective clients of the content of this stipulation and have complete authority to bind their respective parties to its terms, to the extent that such terms are in compliance with regulations of the federal Department of Housing and Urban Development.

9. Facsimile of the signatures of counsel shall be sufficient to bind the parties, subject to the agreement of the Court. Counsel for plaintiff shall file this stipulation by means of ECF.

Dated: June 19, 2012

_____/S/_____  _____/S/_____
Victor J. Ambrose, of counsel to  Jeltje deJong, Esq.
Jeffrey A. Seigel, Esq.  Devitt Spellman Barrett, LLP
Nassau/Suffolk Law Services Comm. Inc.  Attorney for defendants Housing
Attorney for plaintiff  Authority and Richard Blowes
1757 Veterans Highway Suite 50  50 Route 111
Islandia, New York 11749  Smithtown, New York 11787
(631) 232 2400 x 3314  (631) 724 8833

The Clerk shall terminate all pending motions and CLOSE this case.

SO ORDERED:

\_\_\_/S/\_\_\_JOANNA SEYBERT\_\_\_
Hon. Joanna Seybert
United States District Judge

June 20, 2012

Central Islip, NY